# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 18-cv-00777-REB

MADELYN MCKENNAN,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

## ORDER AFFIRMING COMMISSIONER

**Blackburn, J.**

    The matter before me is plaintiff's **Complaint** [#1],[1] filed April 4, 2018, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff alleges she is disabled as a result of degenerative disc disease of the lumbar spine, degenerative joint disease of the right shoulder, plantar fasciitis, and affective disorder. After her application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge. That hearing was held on August 31, 2017. At the time of this hearing, plaintiff was 53 years old. She has a

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

high school education with additional vocational training and past relevant work experience as a nurse and nurse practitioner. She has not engaged in substantial gainful activity since February 21, 2016, her alleged date of onset.

The ALJ found plaintiff was not disabled and therefore not entitled to disability insurance benefits. Although the evidence established plaintiff suffered from several severe impairments, the judge concluded the severity of those impairments did not meet or equal any impairment listed in the social security regulations. Other alleged impairments were found to be non-severe. The ALJ found plaintiff had the residual functional capacity to perform a reduced range of light work with certain postural and environmental restrictions. Based on that conclusion, he found plaintiff could return to her past relevant work as a phlebotomist. Alternatively, the ALJ found there were other jobs existing in substantial numbers in the national and local economies plaintiff could perform. He therefore found plaintiff not disabled at both step four and step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." **Campbell v. Bowen**, 822 F.2d 1518,

1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a quinquepartite sequential evaluation process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity.  A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>
> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four

steps of this analysis. ***Bowen v. Yuckert***, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. ***Id.*** A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. ***Brown***, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. ***Id.***

### III. LEGAL ANALYSIS

Plaintiff alleges the ALJ failed in numerous respects, including by failing to denominate chronic pain syndrome as a severe impairment or consider its impact on

4

her residual functional capacity; failing to credit the opinion of the independent medical examiner; and finding plaintiff's allegations of pain and limitation not entirely credible. Finding no reversible error in any of these particulars, or any other, I affirm.

Before addressing plaintiff's more substantive arguments, I note she is correct that the ALJ erred in finding her work as a phlebotomist qualified as "past relevant work" for purposes of his step four determination. Plaintiff testified she began that job in September or October 2016. (Tr. 43.) The ALJ found plaintiff had not engaged in substantial gainful activity since February 2016. (Tr. 13.) To be considered "past relevant work," *inter alia*, work must constitute "substantial gainful employment." 20 C.F.R. § 404.1565(a);[2] **Jozefowicz v. Heckler**, 811 F.2d 1352, 1355 (10th Cir. 1987). The ALJ's step four finding therefore is internally inconsistent, as the job the ALJ concluded plaintiff could perform was not substantial gainful employment. Nevertheless, the ALJ's error in this regard is completely harmless, given his alternative finding that plaintiff also was disabled at step five. **See Jones v. Berryhill**, 720 Fed. Appx. 457, 459 (10th Cir. Dec. 21, 2017) **See also Williams v. Chater**, 1995 WL 490280 at *2 (10th Cir. Aug.16, 1995) ("Procedural imperfection that does not affect a

---

[2] "Substantial gainful activity" is defined, tautologically, as "work activity that is both substantial and gainful:"

> (a) Substantial work activity. Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.
>
> (b) Gainful work activity. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

20 C.F.R. § 404.1572.

party's substantive rights is not a basis for reversal."); ***Lumpkin v. Colvin***, 112 F.Supp.3d 1169, 1174 (D. Colo. 2015) ("[W]here [the] ALJ's opinion is otherwise amply supported by the record, error which does not prejudice [the] claimant will not warrant remand."). Because that determination is sound, I affirm.

Several of plaintiff's arguments on appeal center on her contention that she suffers from "chronic pain syndrome." The Commissioner's Listing of Impairments (the "Listings"), *see* 20 C.F.R., Pt. 404, Subpt. P, App. 1 (effective May 22, 2018),[3] does not recognize an impairment called "chronic pain syndrome."[4] Although such a condition has been acknowledged in the medical community, it remains "a poorly defined condition" involving "a constellation of syndromes." Singh, M., Medscape, *Chronic Pain Syndrome* (available at: https://emedicine.medscape.com/article/310834-overview) (last accessed April 17, 2019). ***See also*** Institute for Chronic Pain, *What Is Chronic Pain Syndrome?* ( "A chronic pain syndrome is the combination of chronic pain [pain lasting longer than six months] and the secondary complications that are making the original pain worse [such as difficulty sleeping and stress].") (available at: http://www.instituteforchronicpain.org/understanding-chronic-pain/what-is-chronic-pain/chronic-pain-syndrome) (last visited April 17, 2019).

---

[3] The Listings set forth medical criteria pursuant to which impairments of various bodily systems will be considered presumptively disabling. 20 C.F.R. § 404.1520(d). **See Sullivan v. Zebley**, 493 U.S. 521, 532, 534-35, 110 S.Ct. 885, 893, 107 L.Ed.2d 967 (1990).

[4] The Listings do recognize Complex Regional Pain Syndrome ("CPRS") (also known as Reflex Sympathetic Dystrophy Syndrome ("RSDS")) as a medically determinable impairment, even though it is not a listed impairment, so long as a finding of medical equivalence is made. **See Social Security Ruling** 03-2p, 2003 WL 22399117 at *6 (SSA Oct. 20, 2003). Plaintiff presents no argument suggesting her condition might or should be found medically equivalent to any listed impairment, and I therefore do not address that issue.

Although plaintiff insists the opinions of the psychological consultative examiner, Dr. Richard Madsen, and an independent medical examiner, Dr. Timothy Hall, both support such a conclusion, neither of these medical sources – nor any other – diagnosed plaintiff with chronic pain syndrome.  (*See* Tr. 1455, 1623.)  Thus, even if chronic pain syndrome might constitute a medically determinable impairment, the ALJ, as a layperson, was no more qualified than is this court to determine that plaintiff's constellation of symptoms justifies a diagnosis of chronic pain syndrome, *see Zagorianakos v. Colvin*, 81 F.Supp.3d 1036, 1042 (D. Colo. 2015) ("[T]he existence of a medically determinable impairment must be established by evidence from an acceptable medical source[.]"); *Romero v. Colvin*, 2014 WL 1097270 at \*6 (D. Colo. March 20, 2014) ("[N]either plaintiff nor the ALJ is an acceptable medical source qualified to diagnose impairments based on raw medical data[.]").  *Cf. Moore v. Astrue*, 2013 WL 1222094 at \*3-4 (D. Colo. March 25, 2013) (remanding where ALJ failed to consider plaintiff's impairments in context of diagnosis of chronic myofascial pain).  I thus cannot find the ALJ erred in failing to consider chronic pain syndrome as a medically determinable impairment at step two of the sequential evaluation.

Concomitantly, because the ALJ properly did not consider chronic pain syndrome a medically determinable impairment in this case, there was no error in his failing to consider it in assessing plaintiff's residual functional capacity.  "Limitations attributed to impairments which are medically determinable but are not severe must be considered at later steps in the evaluation, whereas alleged limitations attributable to impairments which are not medically determinable must not be considered at later steps."
*Rodriguez v. Berryhill*, 2018 WL 398237 at \*5 (D. Colo. Jan. 12, 2018) (citation and

7

internal quotation marks omitted). I therefore reject plaintiff's suggestion that the disability determination is infirm on this basis.

Of course, the ALJ still must consider a plaintiff's allegations of pain and limitation in making the disability determination. ***Luna v. Bowen***, 834 F.2d 161, 163-64 (10th Cir. 1987); ***Perotin v. Colvin***, 110 F.Supp.3d 1048, 1053-54 (D. Colo. 2015). The ALJ did so here, albeit finding plaintiff's subjective complaints not fully supported by the evidence of record. Although plaintiff challenges that conclusion, I perceive no reversible error.

In general, "credibility determinations 'are peculiarly the province of the finder of fact, and should not be upset if supported by substantial evidence." ***White v. Barnhart***, 287 F.3d 903, 909 (10th Cir. 2001) (citing ***Kepler v. Chater***, 68 F.3d 387, 390-91 (10th Cir. 1995)). So long as the ALJ expressly links his credibility assessment to specific evidence in the record, his conclusion should not be disturbed. ***Id.*** at 910; ***see also Qualls v. Apfel***, 206 F.3d 1368, 1372 (10th Cir. 2000). Here, despite plaintiff's reports of somewhat limited activities of daily living (***see*** Tr. 231-238), the record supports a conclusion that she functioned at a higher level through much of the alleged period of disability.

Plaintiff marks her alleged date of onset to a February 2016 skiing accident, in which she injured her right shoulder. Plaintiff complained of shoulder pain and underwent a course of physical therapy, which reportedly "help[ed] a lot;" enough, in any event, to allow plaintiff to spend two weeks skiing in Germany little more than a month after she claims to have become disabled. (***See*** Tr. 468.) As noted by the ALJ, her initial response to low back surgery in October 2016 was positive (Tr. 18, 1439), and

she did well in physical therapy thereafter (Tr. 1631-1651).[5] Plaintiff testified at the hearing she could walk up to a mile and acknowledged that records from February and March 2017 showed she could walk substantially farther than that. (Tr. 58-59, 1552, 1558.) She also continued to work on an as-needed basis at least up through the time of the hearing. (Tr. 17, 39-43.) This evidence substantiates the ALJ's credibility determination, which accordingly is entitled to substantial deference. *See White*, 287 F.3d at 910.[6]

Plaintiff further faults the ALJ for accepting the opinion of the state agency physician over that of independent medical examiner Dr. Timothy Hall, who examined plaintiff in July 2017, just prior to the administrative hearing. The ALJ afforded Dr. Hall's opinion "[l]ittle weight" on the ground that it was "not consistent or supported by the medical evidence of record, which show improvement of her symptoms with surgical intervention, physical therapy, and medication regimen." (Tr. 19.) Plaintiff protests that Dr. Hall's opinions are indeed consistent with the evidence of record. I disagree.

There are several problems with this position. First, plaintiff is simply mistaken that the VA's conclusion that she is 100 percent disabled has any bearing on – let alone is dispositive of – the Commissioner's disability determination. *See* 20 C.F.R. § 404.1504; *Abdelmeged v. Colvin*, 2015 WL 5047645, at *6 (D. Colo. Aug. 26, 2015) ("The decision merely shows that a different agency, operating under a different statute

---

[5] Indeed, although physical therapy did initially increase her pain, plaintiff continued to walk daily (Tr. 1631, 1633, 1635, 1637, 1639, 1641, 1643, 1645, 1647, 1649, 1651, 1653) and quickly was able to tolerate 50 to 60 minutes of physical therapy well (Tr. 1639, 1641, 1643, 1645, 1647, 1649, 1651).

[6] As discussed in more depth, *infra*, plaintiff's impairments do appear to have become progressively worse over time. The ALJ's task, however, was delimited to determining whether disability was established for a period of twelve months prior to the date of his decision. *See Kelley*, 62 F.3d at 338; *Harrison v. Colvin*, 2014 WL 892124 at *3 (D. Colo. Mar. 6, 2014). The credibility *vel non* of complaints that do no fit within the window is not directly relevant to that determination.

and set of regulations, came to a different conclusion[.]").[7]  Similarly irrelevant are the opinions of the psychological consultative examiner, Dr. Richard Madsen, who was engaged to provide an opinion as to plaintiff's work-related *mental* capabilities, not her physical limitations.  (*See* Tr. 1453-1456.)[8]

Plaintiff also points to evidence from Dr. Ky Kobayashi, the orthopedic surgeon who operated on her shoulder in April 2017, and the physical therapist who treated her thereafter.  These records do appear to show a deterioration in plaintiff's physical condition post-surgery.  When plaintiff was first seen by Dr. Ky Kobayashi in September 2016, there was no evidence of shoulder muscle atrophy or instability, minimal discomfort with cross body adduction, and near equal range of motion in both shoulders.  (Tr. 1458.)  Yet despite initially positive reports following her April 2017 surgery (Tr. 1461), plaintiff later developed symptoms consistent with adhesive capsulitis (see Tr. 1465).  In addition, her lower back pain was re-aggravated following a fall in June 2016.  (See Tr. 1608.).

Nevertheless, this evidence is insufficient to overcome the ALJ's determination that plaintiff "has not been under a disability within the meaning of the Social Security

---

[7] Until recently, the Commissioner's regulations provided that "[a]lthough another agency's determination of disability is not binding on the Social Security Administration, it is evidence that the ALJ must consider and explain why he did not find it persuasive."  ***Grogan v. Barnhart***, 399 F.3d 1257, 1262-63 (10th Cir.2005) (citing 20 C.F.R. § 416.912(b)(5)).  The provisions requiring such consideration and explanation were rescinded effective March 27, 2017.  Now, and at the time of the ALJ's decision, the agency "will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled," although it "will consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim."  82 FR 5844-01, 2017 WL 168819 at *5864 (SSA Jan. 18, 2017) (codified at 20 C.F.R. § 404.1504).  Plaintiff presents neither argument nor evidence to suggest what factors informed the VA's disability decision, much less demonstrates how such factors bear on the ALJ's decision.  ***See Harrison***, 2014 WL 892124 at *5.

[8] To the extent plaintiff's arguments in this regard are tied to her suggestion that both Dr. Madsen's and Dr. Hall's opinions support the conclusion she suffers from chronic pain syndrome, I have discussed, and rejected, that argument *supra*.

Act from February 21, 2106, through the date of this decision." (Tr. 11.) Under the Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). **See also** 20 C.F.R. § 404.1505(a); **Kelley**, 62 F.3d at 338; **Harrison v. Colvin**, 2014 WL 892124 at *3 (D. Colo. Mar. 6, 2014). Yet, as the ALJ pointed out at the hearing, these developments were too recent to meet the twelve-month durational requirement. (Tr. 74.)[9] Dr. Hall's opinions, reflecting plaintiff's physical capabilities just a month prior to the hearing, were thus not probative of her functioning during the majority of the relevant time period, and the ALJ cannot be faulted for giving them little weight in his analysis.[10] Likewise, the ALJ's determination of plaintiff's residual functional capacity was not flawed for failing to incorporate the more extreme physical limitations suggested by Dr. Hall.[11]

Without question, plaintiff plainly still suffers from pain related to her impairments. Nevertheless, "disability requires more than mere inability to work without pain." **Brown v. Bowen**, 801 F.2d 361, 362–63 (10th Cir. 1986) (citation and internal quotation marks omitted). **See also Qantu v. Barnhart**, 72 Fed. Appx. 807, 811 (10th Cir. 2003) ("We

---

[9] Plaintiff herself acknowledged that the full extent of her shoulder limitations was difficult to quantify at that point. (Tr. 63.) Indeed, the record reflects that just prior to the time of the hearing, plaintiff's shoulder pain responded well to a cortisone injection. (**See** Tr. 1465, 1606, 1608.)

[10] Plaintiff's related argument – that Dr. Hall's opinion was more probative than that of the state agency physician, to which the ALJ gave "moderate weight" (Tr. 19), because it was more recent – fails for this same reason. It is the very recency of Dr. Hall's opinion that makes is less probative regarding the period of disability the ALJ was tasked to consider.

[11] Because I find the ALJ did not err in rejecting Dr. Hall's suggested limitations, I do not consider the Commissioner's argument that the failure to do so was harmless error because one of the alternative jobs identified at step five was consistent with that opinion.

11

emphasize that a claimant's inability to work pain-free, standing alone, is not sufficient reason to find her disabled."). The record supports the ALJ's determination that plaintiff had the residual functional capacity for a reduced range of light work, despite her severe impairments and their acknowledged symptoms, and that there were other jobs existing in sufficient numbers in the local and national economies she could perform despite those limitations. As plaintiff has not demonstrated reversible error in that conclusion, it must be affirmed.

## IV. ORDERS

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is affirmed.

Dated April 24, 2019, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge

12